IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | No. 94-20125-(G)M1 |
| JEFFERY C. HARRIS, | |
| Defendant. | |

## ORDER DENYING IRREGULAR CRIMINAL MOTION

On August 12, 2004, defendant Jeffery C. Harris, Bureau of Prisons ("BOP") inmate registration number 14810-076, an inmate at the United States Penitentiary (USP) in Beaumont, Texas, filed an irregular motion in his closed criminal case styled, "Motion For Order for Computation Date at Time of Sentencing."

On May 11, 1994, defendant was arrested by state authorities for the offense of aggravated robbery, Case No. 94-07687. He remained in state custody, although the United States Marshal Service assumed custody of him on June 22, 1994 pursuant to a writ of Habeas Corpus Ad Prosequendum. On December 24, 1994, a judgment was entered in this criminal case reflecting Harris' conviction on two counts of possession of drugs with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and a single count of carrying a firearm during a drug trafficking crime in violation 21 U.S.C. § 924(c) and reflecting a concurrent sentence of sixty (60) months

imprisonment on the drug trafficking convictions, to be followed by a consecutive sentence of sixty (60) months on the firearms conviction. After sentencing, the defendant was returned to state custody. On March 17, 1995, he was sentenced to a ten-year term of imprisonment in the Tennessee Department of Correction ("TDOC") for the aggravated robbery. Harris was paroled from the TDOC on August 17, 2000, and his federal sentence commenced.

Harris requests that he receive credit for the time spent in state custody toward service of his federal sentence. He contends that, because the state court judgment contains the notation that the state sentence was to run concurrent to his federal sentences, his federal judgment should be amended to reflect that his federal sentences run concurrent with his state sentence.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a judgment imposing sentence. Under 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35, a sentencing court may modify the sentence imposed only under certain very narrow circumstances. Fed. R. Crim. P. 35(c) permits correction of a sentence "that was imposed as a result of arithmetical, technical, or other clear error," but only if the court acts within seven days of the entry of judgment. Although Fed. R. Crim. P. 36 contains no time limitation, it permits only correction of clerical mistakes in judgments. Finally, although 18 U.S.C. § 3584 sets forth the factors a court should consider when imposing a sentence on a

defendant "who is already subject to an undischarged term of imprisonment," that provision, on its face, does not authorize the sentencing court to modify its judgments to reflect sentences that were subsequently imposed by other courts. None of these provisions provides any authority for Harris' request that this Court amend his federal judgment.

This Court also does not have the authority to order the BOP to award Harris credit for the time spent in TDOC custody. As a preliminary matter, because "the issues raised more accurately challenge[] the execution of the sentence than its imposition," Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977), the proper vehicle for raising such a motion is a petition pursuant to 28 U.S.C. § 2241. The Court declines to construe the defendant's motion as a habeas petition for several reasons.

Although Harris has apparently exhausted his administrative remedies within the BOP, the Western District of Tennessee would not be the proper venue for a § 2241 petition filed by Harris. As the Sixth Circuit has held, "[t]he habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located." Wright, 557 F.2d at 77; see also United States v. Griffith, No. 95-1748, 1996 WL 316504, at *2 (6th Cir. June 10, 1996)(to the extent prisoner's filing is construed as § 2241 petition, "the Eastern

3

District of Michigan is not the proper venue to file a § 2241 motion for one incarcerated in Lompoc, California"). Harris is confined at the USP in Beaumont, Texas. Beaumont is in St. Francis County in the Beaumont Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(2). Harris must pay the $5 filing fee and file his § 2241 petition in the United States District Court for the Eastern District of Texas. Because a motion seeking sentence credit can only be raised in a habeas petition in another district, that aspect of Harris' motion is dismissed for want of jurisdiction.

This Court lacks jurisdiction to grant the relief sought in Harris' motion, and the motion is, therefore, DENIED.

As no reasonable jurist could disagree that this Court is without jurisdiction to modify defendant's criminal judgment or to award sentence credit, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this __19__ day of __Dec.__, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 34 in case 2:94-CR-20125 was distributed by fax, mail, or direct printing on December 19, 2005 to the parties listed.

---

Victor L. Ivy
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Jeffrey C. Harris
FCI-BEAUMONT
14810-076
P.O. Box 26030
Beaumont, TX 77720--603

Honorable Jon McCalla
US DISTRICT COURT